UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KURT BELLOW, JR.                                CIVIL ACTION

VERSUS                                          NO: 18-9401

CENLAR FSB                                      SECTION: "H"

## ORDER AND REASONS

Before the Court is Defendant's Motion to Dismiss (Doc. 25). For the following reasons, the Motion is GRANTED IN PART.

## BACKGROUND

Plaintiff Kurt Bellow, Jr. brings this *pro se* action against Defendant Cenlar FSB, his residential mortgage loan servicer. Plaintiff alleges that in 2009 he executed a promissory note in the amount of $285,558.00 on property located at 797 Lakeshore Village Drive in Slidell, Louisiana. The note was secured by a mortgage in favor of Whitney National Bank (the "Original Note and Mortgage"). Plaintiff alleges that he fell behind on his mortgage payments and entered into a loan modification agreement with Defendant in November 2012 ("the Loan Modification"). Plaintiff alleges that after entering into the

Loan Modification Defendant reported inaccurate information to credit reporting agencies about his debt.

Plaintiff's Original Complaint alleged that Defendant violated the Federal Trade Commission Act ("FTCA"), the Fair Debt Collection Practices Act ("FDCPA"), the Louisiana Unfair Trade Practices Act ("LUTPA"), and the Fair Credit Reporting Act ("FCRA"). Defendant moved for dismissal of each of Plaintiff's claims for failure to state a claim. On September 6, 2019, this Court granted Defendant's motion and gave Plaintiff 20 days to amend his Complaint to state a claim.

Plaintiff filed an Amended Complaint on October 2, 2019. That filing was marked deficient and a deadline of October 24, 2019 was set for Plaintiff to refile. On October 25, 2019, Plaintiff successfully filed the Amended Complaint, asserting claims under the FCRA, FDCPA, and LUTPA. Defendant has again moved for dismissal of Plaintiff's claims on the grounds that (1) his Amended Complaint was untimely, and (2) he has failed to state a claim. Plaintiff opposes.

## **LEGAL STANDARD**

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim for relief that is plausible on its face."[1] A claim is "plausible on its face" when the pleaded facts allow the court to "draw reasonable inference that the defendant is liable for the misconduct alleged."[2]

---

[1] Ashcroft v. Iqbal, 556 U.S. 662 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007)).
[2] *Id.*

A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[3] The court need not, however, accept as true legal conclusions couched as factual allegations.[4] To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[5] If it is apparent from the face of the complaint that an insurmountable bar to relief exists and the plaintiff is not entitled to relief, the court must dismiss the claim.[6] The court's review is limited to the complaint and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint.[7]

## LAW AND ANALYSIS

This Court will consider each of Defendant's arguments for dismissal in turn.

### A. Timeliness

First, Defendant complains that Plaintiff's Amended Complaint was not timely filed and should be dismissed on that basis. Pursuant to this Court's prior order, Plaintiff was required to file his Amended Complaint by September 26, 2019. Plaintiff did not file his Amended Complaint until October 2 and the deficiency was not remedied until October 25, 2019. In light of Plaintiff's *pro se* status, however, this Court declines to dismiss his claims on timeliness grounds. That said, Plaintiff is cautioned that he is expected to comply with

---

[3] Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232 (5th Cir. 2009).
[4] *Iqbal*, 556 U.S. at 678.
[5] *Id.*
[6] *Lormand*, 565 F.3d at 255–57.
[7] Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000).

the deadlines set by this Court in the future. "Pro se litigants have a duty to prosecute their claims with due diligence, as do all other litigants, and must comply with all deadlines set by the court."[8]

**B. Fair Credit Reporting Act ("FCRA") Claim**

Defendant next moves for dismissal of Plaintiff's claims for failure to state a claim. Plaintiff's Complaint alleges that Defendant violated the FCRA by reporting inaccurate information regarding Plaintiff's debt to credit reporting agencies even after receiving notice and proof of such inaccuracies. This Court initially dismissed this claim because Plaintiff failed to allege sufficient facts to support the claim, such as what the inaccurate information was or to whom it was provided. In his Amended Complaint, Plaintiff now alleges that from December 1, 2012 to 2018 Defendant reported to all three credit bureaus—Experian, Equifax, and Trans Union—that he was delinquent on the Original Note and Mortgage, despite making timely monthly payments on the Loan Modification. Plaintiff alleges that the Original Note and Mortgage should have been marked "paid in full" after he entered into the Loan Modification. Plaintiff alleges that this inaccurate reporting has continued despite providing Defendant with notice of his dispute and accompanying proof. He alleges that Defendant has not communicated to the credit reporting agencies that the reported debt is disputed.

Defendant continues to argue that Plaintiff has failed to allege sufficient facts to support his claim. This Court disagrees. The FCRA imposes liability on any person who willfully or negligently fails to comply with the Act's

---

[8] Morgan v. Fed. Exp. Corp., 114 F. Supp. 3d 434, 437 (S.D. Tex. 2015).

requirements.[9] The FCRA prohibits any person from furnishing information it knows to be inaccurate to a consumer reporting agency.[10] It also prohibits any person from furnishing inaccurate information to a consumer reporting agency if it has been notified by the consumer that such information is inaccurate.[11] Plaintiff has specifically alleged that Defendant reported to all three credit agencies that he was delinquent on the Original Note and Mortgage despite making timely payments on the Loan Modification and notifying Defendant that it had provided inaccurate information to the credit reporting agencies. Taking into consideration Plaintiff's *pro se* status, this Court finds that these allegations are sufficient to put Defendant on notice of the claim against it.[12] Defendant's arguments that Plaintiff's position is unreasonable are inappropriate at this stage of the proceeding.

### C. Fair Debt Collection Practices Act ("FDCPA") Claim

Plaintiff next brings a claim under the FDCPA. This Court previously dismissed the FDCPA claims that Plaintiff asserted in his Original Complaint because he failed to allege sufficient facts to support such a claim. Plaintiff offered only conclusory allegations that Defendant (1) threatened judicial action when no debt was presently due, (2) demanded fees and charges not due, (3) sent misleading delinquency letters, and (4) mishandled his escrow account. Here again, Plaintiff submits the same conclusory allegations. Plaintiff again fails to specify what judicial action was threatened, what fees were charged,

---

[9] 15 U.S.C. §§ 1681n(a), 1681o (a).
[10] *Id.* § 1681s-2.
[11] *Id.*
[12] "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotations omitted).

and how any letter he received was misleading. His allegation that Defendant failed to properly calculate the property tax, resulting in a shortage in his escrow account, again fails to suggest any false or misleading acts by Defendant. Accordingly, Plaintiff has not sufficiently alleged facts supporting these FDPCA claims.

However, Plaintiff now also brings a claim under the FDCPA for Defendant's inaccurate reporting to credit agencies. The FDCPA prohibits the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt."[13] The FDCPA prohibits a debt collector from falsely representing "the character, amount, or legal status of any debt" or threatening to "take any action that cannot legally be taken."[14] The FDCPA should be "construed broadly and in favor of the consumer."[15] The FDPCA specifically states that it is a violation of the Act to communicate "credit information that is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed."[16] This Court finds that Plaintiff has alleged sufficient facts to support a FDPCA claim under this theory. Defendant has not put forth any argument to the contrary. Accordingly, Plaintiff's FDPCA claim arising out of Defendant's alleged inaccurate reporting to credit agencies survives.

---

[13] 15 U.S.C. § 1692e.
[14] *Id.*
[15] Daugherty v. Convergent Outsourcing, Inc., 836 F.3d 507, 510–11 (5th Cir. 2016).
[16] 15 U.S.C. § 1692e.

### D. Louisiana Unfair Trade Practices Act ("LUTPA") Claim

In his Amended Complaint, Plaintiff alleges that Defendant violated LUTPA. LUTPA provides a private right of action to any person injured by "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce."[17] Plaintiff's Amended Complaint alleges that Defendant violated LUTPA by reporting inaccurate information to credit reporting agencies. Defendant moved for dismissal of this claim. In his response, Plaintiff agreed to voluntarily dismiss his LUTPA claim.

### CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is GRANTED IN PART. Plaintiff's claims under the FCRA and the FDCPA based on Defendant's alleged inaccurate reporting to credit reporting agencies survive. All other claims are DISMISSED WITH PREJUDICE. Because Plaintiff has already had an opportunity to amend his complaint, further amendment would be futile.

New Orleans, Louisiana this 13th day of April, 2020.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[17] LA. REV. STAT. §§ 51:1409A, 51:1405A.